Rosa Axtmayer, Plaintiff and Appellee, v. Simón Axtmayer, Defendant and Appellant.

No. 6094. Argued January 30, 1934.—Decided May 31, 1934.

*Celestino Iriarte* for appellant. *Pellón & Ayuso* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Rosa Axtmayer sued her brother Simón to recover the sum of $2,729.35 and interest thereon at 10 per cent per annum from August 2, 1928, until fully paid, with costs, disbursements, and attorney's fees.

The complaint alleges, in short, that upon the death of Ana Axtmayer on May 24, 1926, her children, Henry, Joseph, Simón, Charles, and Rosa apportioned her estate, consisting of several properties located in Miramar, San Juan, among themselves, by alloting a one-fifth interest to each to be held in indivision; that later Joseph, Simón, Charles, and Rosa

bought the interest belonging to their brother Henry for $24,000, in shares of one-fourth each, and entrusted the administration of the properties to the plaintiff Rosa; that the three brothers and their sister, having agreed to dissolve the community of property, which agreement was embodied in a public deed executed on July 18, 1928, Rosa rendered the final account of her administration, and a liquidation was made among all the co-owners as a result of which the defendant was found to be owing the plaintiff the sum of $2,729.35 claimed, which the defendant agreed to pay in two years, counted from August 2, 1928, with interest at 10 per cent per annum; and that he has failed to meet this obligation.

The defendant answered denying, in short, that the alleged liquidation had been made or that he had agreed to pay the sum claimed by the plaintiff.

The case went to trial. Both parties introduced their evidence and the court decided the case in favor of the plaintiff, on the point that the defendant had admitted the balance due in accordance with the account rendered of the administration of the properties involved and that therefore he must pay it, but not on the point that the defendant had agreed to pay the said balance within two years, counted from August 2, 1928, with interest at 10 per cent per annum. The judgment of the court ordered the defendant to pay to the plaintiff the sum of $2,729.35, with interest thereon at the legal rate from December 17, 1930, the date of the filing of the complaint, and costs.

Thereupon the defendant appealed to this court, and in his brief he has assigned two errors as follows:

"(1) The district court erred in sustaining the complaint, the essential allegations of which are not supported by the evidence.

"(2) The district court erred in finding that 'the defendant accepted and agreed to the liquidation made' by the plaintiff, with the effect of producing an account stated in favor of the latter and against the former."

The two assignments may be considered jointly.

We have examined the evidence adduced by both parties, and we think that the same was properly weighed by the trial court.

There is no question regarding the estate, the properties included in it, the fact that the plaintiff was charged with their administration, or the fact that the plaintiff, when the community of property was dissolved, held a meeting with her brothers and rendered to them the final account of her administration of which the following is a part:

"MANNER IN WHICH THE NET INCOME WAS USED:

Credit Balance

"Rosa Axtmayer, her share_____ $3, 733. 78
    Advanced _____ 1, 004. 43
                                    ————— $2, 729. 35
"Joseph Axtmayer, his share___ $3, 733. 78
    Advanced _____ 2, 128. 52
                                    ————— $1, 605. 26
"Chas. Axtmayer, his share_____ $3, 733. 78
    Advanced _____ 3, 284. 50
                                    ————— $449. 28
                                                    ————— $4, 783. 89
"Jim Axtmayer, advanced_____ $8, 517. 67
    His share _____ 3, 733. 78

Balance due $4, 783. 89.''

It does not appear that the plaintiff presented and that the co-owners, among them the defendant, examined the vouchers of the account. But it does appear that the account was accepted by all of the co-owners, including the defendant, who ordered the notary, Mr. Alegría, before whom the deed of dissolution of the community was executed, to prepare mortgage deeds in favor of his brothers to secure the amount which, according to the account, he owed to them. Said deeds were executed and accepted by Joseph and Charles. The deed in favor of Rosa was also prepared, but due to some circumstance which has not been properly clarified, it was

not accepted by her, the brother and sister remaining at odds, the debt unsatisfied, and no concrete manner of settling it having been stipulated. This was the situation existing at the time the action was brought.

Under those circumstances, we think that the court was entirely justified in finding that the debt in question was due, liquidated, and enforceable, and that the plaintiff was not obliged, in order to prove its existence, to make a liquidation in court, on the basis of all the vouchers of the administration, which lasted about two years, as the defendant contended. The defendant was bound by his own acts. The account in question was an account stated, according to the very authority which he cites in his brief, to wit: "An account rendered becomes an account stated when it is assented to by the debtor, either expressly or by implication. Until that time it is binding on neither party, . . . " 1 C. J. 597.

The fact that the defendant, as he stated in testifying at the trial, might have acted impulsively and in a moment of anger when he accepted the account, is not consistent with the deliberate conduct involved in the execution of three mortgage deeds acknowledging that he owed the three exact amounts appearing from the account, nor can it be taken into consideration such a long time afterwards.

The dissension began, as we have said, when the plaintiff did not accept the mortgage deed offered to her by the defendant and sought to have the debt satisfied immediately in cash. When the disagreement arose, therefore, the defendant had already expressly accepted the account and as a consequence had acknowledged the balance due according to the same, and that was all that the plaintiff was obliged to prove, as she did prove, in order for her action to prosper on this fundamental point. What she failed to prove to the satisfaction of the court—the subsequent verbal contract as to the form of payment—was denied her.

For the reasons stated, the judgment appealed from must be affirmed.